(9 App. Div. 439.)

### PEOPLE ex rel. ANDREWS v. FITCH.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

1. BOARD OF ESTIMATE AND APPORTIONMENT—TRANSFER OF APPROPRIATIONS—NEW YORK CITY.

Laws 1882, c. 410 (Consolidation Act) § 189, requires the adoption of the final estimate of municipal expenses to be by the unanimous vote of the board of estimate. Section 204 enumerates certain acts which the board is authorized to do by a majority vote, and provides that it may transfer appropriations, but does not state that such transfers shall be by a unanimous vote. *Held,* that such provisions of the consolidation act did not require a unanimous vote to transfer an appropriation, and therefore the exercise of such power came within 2 Rev. St. p. 555, § 27, providing that when any power is confided by law to three or more persons such power may be exercised by a majority of such persons on a meeting of all, unless special provision is otherwise made.

2. SAME—POLICE DEPARTMENT.

Laws 1893, c. 186, which forbids transfers of appropriations to a different use except in the year the appropriation was made, but excludes from its operation the police department and board of public works, leaves unaffected, as regards such departments, Laws 1882, c. 410 (Consol. Act) § 207, authorizing such transfers.

**3. COMPTROLLER—PAYMENT OF FUNDS TO DEPARTMENT TREASURER.**

The comptroller of New York City cannot refuse to pay funds over to the treasurer of the police department, in accordance with the resolution of the board of estimate, because he fears the funds will be misappropriated.

Appeal from special term, New York county.

Application by Avery D. Andrews, treasurer of the board of police commissioners, for a writ of mandamus against Ashbel P. Fitch, as comptroller of the city of New York. From an order granting the writ, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

James A. Deering, for appellant.

Francis M. Scott, for respondent.

VAN BRUNT, P. J. By resolution the board of police commissioners requested the board of estimate and apportionment to transfer a certain sum from the appropriation made to the police department for the year 1892, entitled "Construction of Station House, &c., for the Ninth Precinct," to the appropriation made to the same department for the year 1895, entitled "Contingent Expenses of the Central Department." The resolution recited that the money was required to enable the treasurer to pay bills presented for payment of expenses incurred by officers in obtaining evidence, and other expenses properly chargeable to the contingent fund. The board of estimate and apportionment, by a vote of four in the affirmative against one in the negative, directed the transfer requested. Thereupon the board of police commissioners made a requisition upon the appellant, the comptroller, requiring him to pay over the said sum to the relator as treasurer of the police commissioners. The comptroller refused to pay the same for the reasons that the resolution of the board of estimate and apportionment did not receive the affirmative votes of all its members, that the consolidation act does not empower the board of estimate and apportionment to transfer a fund appropriated for a specific purpose in the year 1892 to another purpose in the year 1895, and that the board of police commissioners intend to use the money in paying expenses which are not lawful charges against the city.

By section 189 of the Consolidation Act (Laws 1882, c. 410), creating the board of estimate and apportionment, special provision is made in respect to adopting the estimate of municipal expenses, and that the affirmative vote of all the members is required, and also that the final estimate shall be sanctioned by the signature of all the members. By section 204 the board is authorized to do certain things by the affirmative vote of three members, and without any specification as to the vote to do certain other things. In the same section said board is authorized to make transfers, and it is urged that, as no provision is made for less than a unanimous vote, such a vote is required for such a transfer. In the absence of any statute, it might well be argued that, this power being conferred in a section where the legislature were treating of what might be done

by three affirmative votes, it was the manifest intention to permit such transfers to be made by such a vote, especially as, in the instance where it was the intention to exact unanimous action, it is expressly provided for. But this right does not depend upon any statutory construction, as in the Revised Statutes (volume 2, p. 555, § 27) it is expressly provided that whenever any power, authority, or duty is confided by law to three or more persons, such power, authority, or duty may be exercised and performed by a majority of such persons upon a meeting of all the persons so intrusted or empowered, unless special provision is otherwise made. By section 207 of the consolidation act, as originally enacted, the board of estimate and apportionment had the power at any time to transfer an excess of appropriation for any year to other purposes and objects for which the appropriations are insufficient. By chapter 186, Laws 1893, such transfers were forbidden except in the year the appropriation was made, but it was expressly provided that this act should not apply to the police department or the department of public works. This we think left section 207, as originally enacted, in force in this respect as to the police department and the department of public works; and we cannot eliminate section 207 wholly from consideration, as suggested by appellant's counsel, but must be governed by its provisions. By section 262 of the consolidation act, it is the duty of the comptroller to pay over to the treasurer of the police board the amount appropriated to it. It does not seem that he has any right to object to honor the requisition of the board of police for money which it is entitled to receive, upon the ground that he fears that the money will be misappropriated. He may require vouchers for expenditures made by the treasurer of the police department to be filed with him, and, if any moneys have been misappropriated, he may cause the bonds of the treasurer of the board of police to be prosecuted for the indemnification of the city. But by the law the treasurer of the board of police is entitled to receive the appropriation, and answer afterwards for its expenditure. This seems to be the theory of the legislature upon the subject, and, whatever we may think of the question as to the propriety of some of the proposed expenditures, we have nothing to do with this question at this stage of procedure. The office of comptroller is undoubtedly one of the most responsible in the city government. It is his duty to scrutinize the legality of expenditures of the various departments. But where an appropriation has been made, and a department is entitled to its appropriations so as to make its expenditures itself, we do not see but that the comptroller is bound to deliver the appropriation into the appropriate hands, holding the recipient to the accountability which the law imposes.

The order appealed from should be affirmed, with costs. All concur.